**FEDERAL RESERVE BANK OF ATLANTA, for Use of AMERICAN SURETY CO. OF NEW YORK, et al. v. ATLANTA TRUST CO.**

No. 8398.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1937.

Rehearing Denied Aug. 13, 1937.

284

Max F. Goldstein and Shepard Bryan, both of Atlanta, Ga., for appellants.

Ralph R. Quillian and Samuel Nesbitt Evins, both of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was originally begun by the Federal Reserve Bank of Atlanta, as use plaintiff, by petition filed in the state court of Georgia, on February 14, 1936. As brought, it was for moneys paid by plaintiff bank to the Federal Reserve Bank of Chicago, on account of checks drawn from 1925 to 1929, inclusive, bearing forged indorsements, the genuineness of which defendant bank, by its own indorsement, had guaranteed. The claim was that plaintiff bank had taken the checks for collection under Federal Reserve Regulation J[1], and had later, to wit, in 1935 been obliged by the Federal Reserve Bank of Chicago, the bank in the district in which said checks were payable, to indemnify it, when, and

---

[1] The terms of this regulation here pertinent are: "The Federal Reserve Board hereby authorizes the Federal Reserve Banks to handle such checks subject to the following terms and conditions: and each member and non-member clearing bank which sends checks to any Federal Reserve Bank for deposit or collection, shall by such action be deemed (a) to authorize the Federal Reserve Banks to handle such checks subject to the following terms and conditions, (b) to warrant its own authority to give the Federal Reserve Bank such authority, and (c) to agree to indemnify any Federal Reserve Bank for any loss resulting from the failure of such sending bank to have such authority.

"(1) A Federal Reserve Bank will act only as agent of the bank from which it receives such checks and will assume no liability except for its own negligence and its guaranty of prior endorsements.

"(2) A Federal Reserve Bank may present such checks for payment or send such checks for collection direct to the bank on which they are drawn, or at which they are payable, or in its discretion may forward them to another agent with authority to present them for payment or send them for collection direct to the bank on which they are drawn, or at which they are payable."

"(5) Checks received by a Federal Reserve Bank payable in other districts will be forwarded for collection upon the

not until then, it became entitled to sue defendant its principal, for indemnity. Removed to the federal court, where a motion to remand was made and overruled, the defendant moved to dismiss the petition on the ground that it affirmatively appeared on the face of complainant's bill that its cause of action accrued as to each check, more than six years prior to the filing of the petition, and plaintiff was barred of recovery. Whereupon plaintiff, on September 18, 1936, and further, on October 9, amended its bill to more definitely allege the defendant's membership in the Federal Reserve System; that in becoming a member it thereby subjected itself to the provisions of the Federal Reserve Act (12 U.S.C.A. § 221 et seq.) and the Regulations of the Federal Reserve Board, including Regulation J aforesaid; that in engaging plaintiff as its agent to collect the forged checks it expressly agreed to indemnify it on account of that agency; and that, the checks turning out to be forged, and judgment having gone against the Federal Reserve Bank of Chicago, who in turn compelled plaintiff to indemnify it, defendant thereupon became liable to plaintiff upon its contract of indemnity to reimburse it for losses it had sustained. Defendant renewed its motion to dismiss plaintiff's petition as amended on the ground that it appeared on the face of it that its action was barred.

The District Judge thought the suit not one by an agent against his principal for indemnity, but one for moneys wrongfully had and received, arising as to each check upon, and to be brought within six years from, plaintiff's payment of its proceeds to defendant. He thought Leather Manufacturers' National Bank v. Merchants National Bank, 128 U.S. 26, 9 S.Ct. 3, 32 L.Ed. 342, and our case, Fourth National Bank v. Gainesville National Bank (C.C.A.) 80 F.(2d) 490, controlling. He sustained the motion and dismissed the petition. This appeal, though it also raises in tentative fashion the question of federal jurisdiction raised on the motion to remand, is concerned mainly with testing for error the ruling which dismissed the suit as barred.

In view of 12 U.S.C.A. § 632, providing that the District Courts of the United States shall have original jurisdiction over all suits of a civil nature at common law or in equity, to which any Federal Reserve Bank shall be a party, we do not think the jurisdictional question seriously arguable. Besides, the petition declared upon and seeks to enforce rights growing out of a Federal Reserve Bank Regulation promulgated under the authority of federal law. Such a suit, in the strictest sense, is one arising under the Constitution and laws of the United States. Gully v. First National Bank, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70.

The main question, whether the action was barred, may not be answered so easily, and with such confidence. It may be confidently affirmed, though, that the difficulties attending answering it arise, not out of any confusion or uncertainty as to when, in general, under the law of limitations, time begins to run on causes of action, but out of differences of opinion as to the cause of action plaintiff has brought.

If, as appellee contends, and the District Judge found, plaintiff's suit is an action for moneys wrongfully had and received of it by defendant, or an action on defendant's guaranty of prior indorsements, the cause of action arose and time began to run when defendant was credited with the proceeds of each collection and the holding of the Leather Manufacturers' National Bank and Fourth National Bank Cases applies. If, on the other hand, the suit as brought is one by an agent against his principal for indemnity for a loss sustained in the principal's service, not those cases, but cases governing actions for indemnity, apply[3], and the cause of action did

---

terms and conditions herein provided to the Federal Reserve Bank of the district in which such checks are payable.

"(6) The amount of any checks for which payment in actually and finally collected funds is not received, shall be charged back to the forwarding bank, regardless of whether or not the check itself can be returned."

[3] Carson v. Federal Reserve Bank, 254 N.Y. 218, 172 N.E. 475, 70 A.L.R. 435; Riggs v. Lindsay, 7 Cranch, 500, 3 L. Ed. 419; Bibb v. Allen, 149 U.S. 481, 13 S.Ct. 950, 37 L.Ed. 819; Cummings Construction Co. v. Marbleloid Co. (C. C.A.) 51 F.(2d) 906; Hidalgo Steel Co. v. Moore & McCormack (D.C.) 298 F. 331; Bankers' Surety Co. v. Willow Springs Beverage Co., 104 Neb. 173, 176 N.W. 82; Stillman v. Hirsch (Tex.Civ.

not accrue, and time did not begin to run, until the loss was actually sustained.

■ That plaintiff was attempting to sue for indemnity, rather than for moneys had and received, its petition, especially as amended, leaves in no doubt. In the most meticulously careful way plaintiff declared upon Regulation J, and sued as agent for the indemnity that agreement affords. To construe plaintiff's suit as one for moneys paid to and wrongfully had and received of it by defendant, in the face of its definite and positive declaration for indemnity, is, we think, to plead its case for it, rather than to take its case as it has pleaded it.

■ We think it may not be doubted that plaintiff could have elected to sue for moneys had and received, or upon the guaranties of prior indorsements, nor that, if this were such a suit, the action would now be barred. We think, though, that it may not be doubted, either, that it had a right to rely upon its position, and indemnities as agent, and to elect to sue in that character, and that time did not begin to run against that suit until 1935, when plaintiff, as agent for defendant, made good the forged checks it had handled for it, and thereby first sustained loss.

■ Statutes of limitation are statutes of repose. They are designed to prevent undue delay in bringing claims. They operate to defeat claims thus delayed. It is of the essence of these statutes that time begins to run under them as to causes of action only after the right to prosecute them to a successful conclusion has fully accrued.[4] It is of their essence that each cause of action has its own limitation, each is barred only when the time limited as to it has run. Statutes of limitation, then, must, when invoked, be given full and complete effect as written, the effect, and the effect alone, of barring an action begun after the statutory time limited for that particular action has run after its complete accrual. In each case, therefore, where limitation is involved, the important, the controlling question is, what is the cause of action? For, as the rule is correctly stated in Georgia, from which this case comes:

"When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.'" Mobley, Supt. v. Murray County, 178 Ga. 388, 173 S.E. 680.

"What is a cause of action is not easily defined, and the authorities have laid down no thoroughly satisfactory and all-embracing definition." 1 Am.Jur. § 2, p. 404. "Cause of action is a term of varying and doubtful meaning, and because of its many different and delicate shades of meaning, courts have found it difficult to give any general definition, and perhaps no definition could be framed which would be entirely free from criticism." 1 C.J.S., Actions, § 8, p. 981. Cf. Elmo v. James (Tex.Civ.App.) 282 S.W. 835.

Notwithstanding this difficulty, definitions, or at least characterizations, especially in cases involving the application of statutes of limitation, have had to be made. Perhaps the best attempt, at definition and treatment of the question, is that found in Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, the opinion in which has been widely followed and quoted from.

A cause of action, as defined in that case, and generally in the books, consists of the facts giving rise to the action. Looked at from the standpoint of plaintiff and defendant, these facts consist of the right claimed or wrong suffered by plaintiff on the one hand, and the duty or delict of defendant on the other; or, stated otherwise, it consists of the facts showing plaintiff's right and defendant's wrongful violation of that right. Plaintiff's cause of action as sued here is not its right to have back the money it collected for and paid over to defendant years ago, defendant's delict is not its having collected that money on checks with forged indorsements, neither is plaintiff's right the defendant's guaranty of prior indorsements nor defendant's wrong its breach of that guaranty. Plaintiff's cause of action as sued here is the right, as agent for collection, to be indemnified from loss on account of having made the collection, the delict, or wrong, of defendant is its refusal to reimburse plaintiff for sums it was required to pay back on account of collections made by it as defend-

App.) 84 S.W.(2d) 501. Cf. Restatement Agency, vol. 2, p. 1018, § 439; 2 Am. Jur. § 294; 3 C.J.S., Agency, § 197, note 57.

[4] Lamb v. Powder River Live Stock Co. (C.C.A.) 132 F. 434, 67 L.R.A. 558; Dennick v. Railroad Co., 103 U.S. 11, 26 L.Ed. 439.

ant's agent. This cause of action did not, it could not, arise until plaintiff had paid the moneys out, and was in a position to demand reimbursement. For until then the right it sues on had not been violated, the delict it complains of had not occurred. Swift & Co. v. New Bern Produce Co., 180 N.C. 27, 103 S.E. 889.

When the applicable statute of limitation is applied to the cause of action plaintiff brought, it is seen at once that hardly a year of the time limited in it has run.

Plaintiff's cause of action was not barred. The judgment dismissing the suit on that ground was wrongly entered. It is reversed and the cause is remanded for further and not inconsistent proceedings.