**STOTT BRIQUET CO., Inc. et al. v. NEW YORK CENT. R. CO.**

**STOTT BRIQUET CO., Inc. et al. v. PENNSYLVANIA R. CO.**

**STOTT BRIQUET CO., Inc., v. NEW YORK CENT. R. CO. et al.**

Civ. Nos. 26000, 26001, 27250.

United States District Court
N. D. Ohio, E. D.

June 20, 1950.

Philip H. Porter, Madison, Wis., James B. Dolphin, Cleveland, Ohio, for Stott Briquet Co., Inc.

Paul Lamb, Cleveland, Ohio, for New York Cent. R. Co.

Charles F. Clarke, Jr., Squire, Sanders & Dempsey, all of Cleveland, Ohio, for Pennsylvania R. Co.

JONES, Chief Judge.

These are three actions now before the court on identical motions to dismiss because the statutory limitation period has elapsed.

In each case coal was carried by rail from Pennsylvania to lake ports on Lake Erie. The coal was then shipped by lake vessel to Superior, Wisconsin where plaintiff, Stott Briquet Company, processed the coal into briquets and shipped the finished product on different railroads into the western states.

In 1938 the Interstate Commerce Commission granted various railroads an increase in tariff of some eleven cents per gross ton on shipments of coal over this rail-lake-rail route. The first railroad which carried the coal was to collect the full increase but if the consignee in Superior shipped the coal by rail from Superior to western states, it was entitled, upon presentation of a certificate of reshipment, to a refund from the first carrier of one-half of the increased tariff or 5.5 cents. The second railroad carrier received an increase in tariff on this coal of 5.5 cents per ton and the refund on presentation of certificates of reshipment was the accounting method by which the eleven-cent increase in tariff was spread equally among the roads which carried the coal.

Shipments under this tariff and under other tariffs which applied the same scheme were made to Superior between May 19, 1938 and November, 1944. Certificates for the refund were first presented to defendants in early 1947, more than two years after the last reshipment of coal from Superior.

Section 16(3), 49 U.S.C.A. provides a two year limitation period for claims made under the laws of the United States regulating commerce. Defendants contend that this two year period has elapsed and these actions are now barred.

The pertinent portions of Section 16(3) are as follows:

"(a) All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

"(b) All complaints against carriers subject to this chapter for the recovery of damages not based on overcharges shall be filed with the commission within two years from the time the cause of action accrues, and not after * * *.

"(c) For recovery of overcharges action at law shall be begun or complaint filed with the commission against carriers subject to this chapter within two years from the time the cause of action accrues, and not after * * *.

"(e) The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after.

"(g) The term 'overcharges' as used in this section shall be deemed to mean charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the commission."

■ It is my opinion that these actions come under the provisions of subsection (b) above. Plaintiffs contend that any action to which the two year period applies must either come under the provisions of (c) above or be first initiated by complaint before the Commission. However, there are numerous cases which disprove both of these contentions and which hold that for purposes of uniformity the two year period of limitation found in subsection (b) applies to actions filed in a district court, and which do not concern recovery of overcharges. A. J. Phillips Co. v. Grand Trunk Western Ry., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774; Kansas City Southern R. Co. v. Wolf, 261 U.S. 133, 43 S.Ct. 259, 67 L.Ed. 571; Davis v. Portland Seed Co., 264 U.S. 403, 44 S.Ct. 380, 68 L.Ed. 762;

Louisville & N. R. Co. v. Cory, 6 Cir., 54 F.2d 8.

There is, therefore, a two year statute of limitation on these actions which begins to run from the time the cause of action accrued. Plaintiffs contend that, even if section (b) applies, the cause of action did not accrue until they presented the certificates for refund to the defendants which was done within two years of the filing of these actions.

Section 16(3) (e) does state that the cause of action accrues when delivery or tender of delivery of the property transported is made. Application of this section would mean that the actions accrued upon delivery to plaintiffs, which deliveries took place more than two years before these actions were filed.

There are two cases which shed some light on how section 16(3)(e) should be interpreted and they are sufficiently analogous to these cases to be controlling. In both cases the actions were brought under subsection (a) above. In each case goods were shipped from their point of origin to a place where they were to be stored. Within a given period these goods were to be shipped out from their place of storage. If the shipment-storage-reshipment took place within the given period, a lower tariff was to apply; if not, a higher tariff applied. In both cases the railroad collected the lower tariff first, and in both instances the shipper failed to reship within the given period, and the railroad then sued for the higher rate. In the instant cases is present a shipment-storage-reshipment situation, but the railroads here collected the higher tariff first, and the shipper now is suing to recover the difference between the higher tariff and the lower tariff made applicable because of the reshipment. It is also true that there was no period within which the reshipment was to be made, but these differences do not furnish reason for distinguishing the cases.

In one of the cases, Henwood v. McCallum & Robinson, Inc., 179 Tenn. 531, 167 S.W.2d 981, it was held that all of Section 16 had to be construed together, and that the delivery referred to in subsection (e),

therefore, in cases of shipment-storage-reshipment, was the second delivery, and that the case of action accrued at the time of the second delivery.

In the other case, Arkansas Oak Flooring Co. v. Louisiana & Arkansas Ry. Co., 5 Cir., 166 F.2d 98, the court held that subsection (e) applied if there was but one fixed rate applicable to the shipment. But where there were variable rates, as here, which might apply, subsection (e) was inapplicable and the cause of action accrued not on delivery of the property, but on the occurrence of the event which determined which of the variable rates would apply. In the Arkansas case it was the passage of the years' time within which reshipment had to be made. The court also considered the Henwood case and while it approved the result it disagreed with the reasoning by which the result was reached.

If the Henwood case is applied, these actions accrued at the date of second delivery, all of which deliveries occurred at a date more than two years prior to the filing of those actions, and the actions are barred.

■ If the court applies the Arkansas Oak case, the actions accrued at the time of the occurrence of the event which made the lower tariff applicable. This was the reshipment of the coal from Superior, and all of these reshipments occurred more than two years prior to the filing of these actions and they are barred.

■ Some mention should be made of plaintiffs' contention that their right to recover the difference between the two tariffs accrued only when they presented the certificates of reshipment. One of the controlling factors in decisions under Section 16 is the desire for uniformity. A. J. Phillips Co. v. Grand Trunk Western Ry. supra. If the actions here were said to accrue upon presentation of the certificates, uniformity would be lost. Each action would depend upon plaintiffs' promptness in presenting the certificates, and the situation would exist where one plaintiff's cause of action, as here, would not accrue until nearly nine years after the reshipment of the coal while others in the same situation might

be barred from recovery as early as two years after the reshipment. I can only conclude that the certificate is necessary to prove the right to recover the difference between the two tariffs, but that the right does exist as soon as the second delivery is made, or the coal was reshipped from Superior.

Defendants contend that these actions are for recovery of overcharges. It is sufficient to state that they are not actions for the recovery of overcharges as defined in subsection (g). The higher tariff was always lawfully on file with the Commission, and in my view this contention of defendants is untenable.