## MOSS v. SOUTHERN BELL TEL. & TEL. CO.
No. 72-23353.
Circuit Court, Dade County.
December 19, 1972.

Leo Adderly and Harold Culmer of Ferguson, Lee, Adderly, Culmer & Long, Miami, for the plaintiff.

John H. Wahl, Jr., and Michael R. Jenks of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for the defendant.

RHEA PINCUS GROSSMAN, Circuit Judge.

*Final order of dismissal:* This cause was heard upon defendant's motion to dismiss for lack of jurisdiction over the subject matter.

The gravamen of the action is the alleged inadequacy of the telephone service rendered by the defendant to the plaintiff.

Chapter 364, F.S., vests exclusive jurisdiction of all matters set forth therein in the Florida Public Service Commission. The legislative intent is clearly expressed in §364.01(2) and particular reference to the regulatory authority of the commission over prompt, expeditious, efficient, and adequate telephone service is contained

in §§364.03, 364.14(2), 364.15, and 364.19. Chapter 366 deals with the general regulation of public utilities by the commission. Here further authority to consider and make appropriate orders with regard to efficient and adequate service is conferred in §366.041.

A review of various cases relating to this question of alleged inadequate or inefficient telephone service fails to disclose any case where the courts have held contrary to the foregoing, where the question of exclusive jurisdiction has been raised. The reason for the rule is simple. Highly technical electronic equipment is involved. The rates and charges for telephone service are inextricably entwined in this sophisticated equipment. The Public Service Commission and its staff have expertise in the field and upon due investigation the commission is empowered to promulgate regulations which are an admixture of proper standards of service and the rates which a company may charge for affording service meeting these standards. The investigation of such matters can be initiated by the commission itself or upon complaint of the subscriber. Full hearings on all of the elements involved are provided for and any resulting orders relating to service and rates are subject to judicial review in the Supreme Court of Florida by way of certiorari.

See Powell v. Southern Bell, 1953, 4 Fla. Supp. 117; Dade County News Dealers Supply Co. v. Southern Bell, Fla. 1950, 48 So.2d 89; Cole v. Southern Bell, 1969, 31 Fla. Supp. 100, aff'd 221 So.2d 200; Mobile America Corporation, Inc. v. Southern Bell, 1972, 37 Fla. Supp. 36.

As the foregoing authorities reflect, the Florida courts, in line with the courts of other jurisdictions, have recognized the exclusive jurisdiction conferred on the Florida Public Service Commission with respect to supervising and regulating the adequacy of telephone service. Based on the authority and jurisdiction so conferred, the commission has issued extensive regulations which establish standards for determining the adequacy of telephone service. See Florida Administrative Code, Vol. III, Chapter 25-4. Such regulations have the force of law and are binding upon the utility and its customers alike. Crancer v. Lowden, 1942, 315 U.S. 631, 62 S.Ct. 763, 86 L.Ed. 1077; Carter v. American Telephone & Telegraph Co. (5 Cir. 1966), 365 F. 2d 486, 496; Illinois Bell Telephone Company v. Miner, Ill. 1956, 136 N.E. 2d 1; Wilkinson v. New England Tel. & Tel. Co., Mass. 1950, 97 N.E. 2d 413; Cole v. Pacific Tel. & Tel. Co. (1952), 246 P. 2d 686. The standards thus adopted illustrate the technical nature of the adequacy of service issue and the need for specialized skills in making a determination as to that issue. Under such circumstances the courts have elected to refer the question of service adequacy to the commission, an

agency which has a professional staff and special competency necessary to adequately investigate and resolve that question.

Accordingly, it is ordered that the defendant's motion to dismiss be and it is hereby granted and that the action be and it is hereby dismissed for lack of jurisdiction over the subject matter.