**MOBILE AMERICA CORPORATION, Inc. v. SOUTHERN BELL TEL. & TEL. CO. (No. 2).**
No. 72-173.
Circuit Court, Duval County.
August 4, 1976.

Hugh M. Davenport, Jacksonville, for the plaintiff.

Harold B. Wahl of Wahl & Gabel and Nathan H. Wilson, both of Jacksonville, for the defendant.

CHARLES A. LUCKIE, Circuit Judge.

The cause coming on to be heard after due notice and argument of counsel, and Hugh M. Davenport, Esquire, appearing for the plaintiff, and Harold B. Wahl, Esquire, appearing for the defendant, and the court having before it the motion of the defendant to refer the matter to the Florida Public Service Commission, upon consideration, the court finds —

1. Plaintiff sues here for damages as alleged in paragraphs 4, 5, 6 and 7 of its amended complaint, reading as follows —

4. By reason of the provisions of Section 364.03, Florida Statutes (1969), defendant is required to provide its service in a prompt, expeditious and efficient manner, and its facilities, instrumentalities and equipment are required to be safe, kept in good condition and repair, and its appliances, instrumentalities and service shall be modern, adequate, sufficient and efficient.

5. Notwithstanding this, defendant has failed to furnish service in a prompt, expeditious and efficient manner and its facilities and equipment are not in good condition and repair, and its appliances, instrumentalities and service are antiquated, inadequate, insufficient and inefficient.

6. Plaintiff is in the business of providing financing for mobile home sales and telephonic communications are an important adjunct of its business, without which it loses profits. The telephone service furnished to plaintiff by defendant has been inadequate, as alleged in Paragraph 5 above, and although plaintiff has repeatedly complained of such condition to defendant, defendant has failed and refused to correct same.

7. By reason of said inadequate telephonic service, as alleged, plaintiff has suffered a loss of profits that it otherwise would have earned.

2. Under the provisions of F.S. 364.03(3) plaintiff is entitled to telephone service as follows —

Every telephone company shall, upon reasonable notice, furnish to all persons who may apply therefor and be reasonably entitled thereto

suitable and proper facilities and connections for telephonic communications and furnish telephone service as demanded upon terms to be approved by the commissioners.

3. This court entered its order of dismissal on April 6, 1972 (37 Fla. Supp. 36), holding that the regulation of telephone companies came under F.S. Chapter 364, that plaintiff's remedy was before the commission, and dismissing plaintiff's suit without prejudice to the right of the plaintiff to proceed before the commission.

4. Plaintiff appealed. The First District Court of Appeal reversed at 282 So.2d. 181, holding —

> "The plaintiff may have trouble trying to tie down the alleged damages to any negligence on the part of the defendant, but we think, and so hold, that count 1 of the amended complaint, including paragraphs 4, 5, 6 and 7, states a cause of action cognizable by the courts in this case."

The District Court certified the question to the Florida Supreme Court as one of great public interest under Article V, Section 3(b)(3), Florida Constitution.

5. The Supreme Court modified the ruling of the District Court of Appeal and affirmed as modified at 291 So.2d 199. The court at page 202 held that the ruling of this court was "understandable in view of the provisions of F.S. 364.01(2) granting exclusive jurisdiction of all matters set forth in Parts 1 and 2 of Chapter 364 to the Florida Public Service Commission," but that "the circuit court was not without jurisdiction in the matter."

6. The Supreme Court of Florida further held at page 202 —

> The PSC findings in such a case would be much like that of the report of a referee or special master which the court, or jury, could act upon as all of the evidence might indicate.

> If a complaint raises intricate problems of a technical nature requiring expert determination of whether the standards set by statute and implemented by more detailed regulations have been met in a particular instance, the court should be free, though not required, to refer such matters to the PSC for its findings, in order to obtain the benefit of the state regulatory agency's specialized expertise in the field.

> The PSC is uniquely qualified to determine difficult technical questions regarding the adequacy of telephone service, and has a technical staff whose functions include dealing with such difficult issues. The parties would of course be entitled to be heard and to cross-examine witnesses before the PSC in event of such a reference by the trial court to that body.

The ultimate issues raised in a suit for money damages for a completed, past failure to meet the statutory standards are, however, a matter of judicial cognizance and determination. Whether the circumstances of a particular case are such as to indicate that the circuit court should refer the matter to the PSC for findings is a determination resting solely within the sound discretion of the circuit court. \*\*\*

Accordingly, the order of the First District Court of Appeal is modified to provide that the circuit court may, in its discretion, refer questions of statutory compliance to the Florida Public Service Commission for the benefit of its determination of whether the utility has failed to comply with the standards set forth in F.S. §364.03.

7. The defendant telephone company has now moved that this court refer to the Florida Public Service Commission the question of whether the telephone company has complied with its duty to provide adequate service.

8. Defendant telephone company urges that the courts have long held that a referral of a suit to an administrative agency is necessary and appropriate when there are *questions of regulatory policy* within the special competence of the agency. See *Hewitt-Robins, Inc. v. Eastern Freight-Ways, Inc.*, 371 U.S. 84, 83 S.Ct. 157, 9 L.Ed.2d. 142 (1962); *United States v. Western Pacific Railway Company* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d. 126 (1956); and *Grever v. Idaho Telephone Company*, 94 Idaho 900, 499 P.2d. 1256 (1972). In the litigation *sub judice* there is a question as to the duty or standard of care applicable to the telephone company. The commission has broad statutory powers of telephone service. See Florida Statutes §§364.01(2), 364.14(2) and 364.15. Further, the commission has adopted extensive regulations implementing those statutory powers. See 3 Florida Administrative Code 25-4.66 through 25.4.78. Thus the commission has a direct regulatory policy interest in the duty or standard of care imposed on telephone companies with regard to rendering telephone service. This court should not impose a duty or standard without at least entertaining the commission's views.

In addition to the question of regulatory policy, this suit involves a *factual question* as to the adequacy and efficiency of plaintiff's telephone service. This is clearly a matter that involves technical considerations within the special expertise of the commission. The affidavit filed in support of the defendant's motion establishes that the plaintiff's telephone equipment is of a complicated nature. The affidavit established that determining the *cause* of any errors or deficiencies in that equipment is a difficult matter requiring technical expertise within the special competence of the commission. Under such circumstances, it would appear that this court should follow the manifest weight of authority holding that

factual questions involving the adequacy and efficiency of telephone service should be referred to the administrative agency for an initial determination .

In *Moss v. Southern Bell Telephone and Telegraph Company,* 38 Fla. Supp. 92 (1972), the court, with reference to referral to the Public Service Commission, said —

". . . Highly technical electronic equipment is involved. The rates and charges for telephone service are inextricably entwined in this sophisticated equipment. The Public Service Commission and its staff have expertise in the field and upon due investigation the commission is empowered to promulgate regulations which are an admixture of proper standards of service and the rates which a company may charge for affording service meeting these standards. . . ."

It is, therefore, ordered —

A. The court, in the exercise of its discretion and in accordance with the ruling of the Supreme Court, refers to the Public Service Commission this litigation in order that the commission may conduct such hearings or other investigatory procedures as may be necessary to report to this court its findings on the following —

1. The definition and nature of the duty or standard of care required of a telephone utility in providing business telephone service to the public.

2. Whether the business telephone service provided by the defendant to the plaintiff, during the periods of time complained of by the plaintiff, was in compliance with the duty or standard of care applicable to a telephone utility in providing such service.

3. The commission's interpretation of Florida Public Service Commission Regulation 19, codified as 5 Florida Administrative Code 25-4.110 (2), and whether the regulation is construed by the commission to be applicable to the telephone service problems complained of by the plaintiff.

4. Whether the telephone company has furnished telephone service to plaintiff during the period in question in compliance with the provisions of F.S. 364.03 (3) and any applicable tariffs or regulations approved or promulgated by the commission thereunder.

B. Upon payment of the cost thereof by the defendant, the clerk of the court is ordered to transmit to the Florida Public Service Commission a certified copy of this order, copy of the amended complaint, defendant's answer thereto, and defendant's motion to transfer with attached affidavit.

C. The parties may file directions to the clerk within 20 days from the date hereof for the inclusion of additional portions of the record, and the clerk shall transmit to the commission the pleadings and order above referred to, and any additional portions of the record specified by the parties, within 50 days from the date of this order.

D. This cause is stayed until receipt of the report of the Florida Public Service Commission to this court with its findings.