The **WESTERN PACIFIC RAILROAD COMPANY**
v.
The **UNITED STATES.**
No. 148–54.

United States Court of Claims.
June 7, 1955.

See also 131 F.Supp. 919.

Lawrence Cake, Washington, D. C., for plaintiff. Raymond A. Negus, Washington, D. C., was on the briefs.

Paris T. Houston, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The issue in this case is whether certain army motor vehicles should be classified and rated under Item 43780 or Item 43810 of Consolidated Freight Classification No. 15. The pertinent part of Item 43780 is as follows:

"Vehicles, motor; * * * freight, including tractors (driving trucks for freight vehicles or fire apparatus), loose or in packages."

The pertinent part of Item 43810 reads:

"Vehicles, motor; * * * Dumping or hauling, with lug wheels, tractor lug tires, or crawler type, SU, loose or in packages."

The plaintiff moves for summary judgment on the ground that the Interstate Commerce Commission, after a full hearing, issued a report in Case No. 30062, entitled August Plantz, Inc. v. Atlantic & East Carolina Ry. Co., et al., on March 1, 1954, holding that army motor vehicles similar to those involved herein should take the classification and rating of Item 43780. On the basis of that decision plaintiff contends this court should hold that the instant shipment should be so classified and the rate applied accordingly.

The defendant raises, first the question of whether the decision of the Interstate Commerce Commission is binding upon this court, asserting in effect that the court has the authority to make a decision contrary to the findings of the Interstate Commerce Commission; and, second, it raises the issue of whether as a matter of fact the vehicles involved in this shipment are altogether the same type of equipment as was involved in the Plantz case, supra.

There have been a number of decisions by the Supreme Court and other courts holding in effect that while a determination by the Interstate Commerce Commission is not *res judicata* in respect to past transactions, its decisions are entitled to great weight since they are the opinions of a body of experts upon matters within the range of their special knowledge and experience. Atlantic Coast Line v. Florida, 295 U.S. 301, 317, 55 S.Ct. 713, 79 L.Ed. 1451; Illinois Central R. R. Co., v. Interstate Commerce Commission, 206 U. S. 441, 27 S.Ct. 700, 51 L.Ed. 1128; Davis v. Prairie Pipe Line Co., 10 Cir., 298 F. 393, 397; Empire Refining Co. v. Davis, D.C., 6 F.2d 305; Updike Grain Corp. v. St. Louis & S. F. Ry. Co., 8 Cir., 52 F.2d 94; Emmons Coal Mining Co. v. Norfolk & Western Ry. Co., 272 U.S. 709, 712, 47 S.Ct. 254, 71 L.Ed. 485; Crancer v. Lowden, 315 U.S. 631, 634, 635, 62 S. Ct. 763, 86 L.Ed. 1077. We quote from the opinion in the Atlantic Coast Line case as follows [295 U.S. 301, 55 S.Ct. 719]:

"In thus holding we do not suggest that the determination of the Interstate Commerce Commission as to the rates to be operative thereafter had the force of *res judicata* in respect of past transactions. * * * None the less, as the court below conceded, it was entitled to great respect, representing, as it did, the opinion of a body of experts upon matters within the range of their special knowledge and experience. * * *"

The following is taken from the Supreme Court's opinion in Davis v. Prairie Pipe Line Co., supra [298 F. 397]:

" * * * We are not bound, of course, by the finding of the Commission as to a matter of law; but it is a board with special experience and knowledge concerning these rate questions, and its decisions are helpful to the courts in arriving at correct conclusions."

 While it is probable that this court has jurisdiction to make a decision different from that reached by the Interstate Commerce Commission, we are not disposed to do so, unless the circumstances are very unusual. The Commission has had wide experience in problems of this kind and is especially equipped to deal with them.

In the Plantz case, before making a decision the Interstate Commerce Commission conducted a very thorough hearing, the transcript of the testimony comprising more than 500 pages and numerous exhibits. In the light of the pleadings and the record in this case we will accept the findings and determination of the Interstate Commerce Commission.

On the second issue raised by the defendant the record is not sufficient for us to definitely determine whether the vehicles involved in the instant shipment are the same or substantially the same as those involved in the Plantz case.

Plaintiff's motion is overruled, and the case will be referred to a commissioner of this court for the purpose of taking testimony or the examination of documents limited to the question of whether the vehicles involved in this suit are the same or substantially the same or similar to the vehicles involved in the Plantz case decided by the Interstate Commerce Commission. In so far as they are substantially the same or similar type of vehicle as those involved in the decision in the Plantz case the determination of the issue by the Interstate Commerce Commission will be adopted and Item 43810 of Consolidated Freight Classification No. 15 will be applied to the shipments of army motor vehicles involved in this case.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.