**WESTERN PACIFIC RAILROAD COMPANY**

v.

**The UNITED STATES.**

**No. 50393.**

United States Court of Claims.

Jan. 16, 1957.

Raymond A. Negus, Washington, D. C., for the plaintiff. Lawrence Cake, Washington, D. C., was on the brief.

James H. Prentice, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for the defendant. Paris T. Houston, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff corporation sues to recover alleged underpayments on its freight bills for transportation services performed for the Government from 1942 to 1945. The case is presently before the court on plaintiff's motion for summary judgment on the issue of defendant's liability.

The plaintiff, a California corporation, is a common carrier by railroad engaged in interstate commerce. On November 5, 1951, it filed a petition in this court alleging, inter alia, that from 1942 to 1945 it had carried certain shipments of articles described as Airplane Landing Mats for the defendant and that the defendant had refused to pay the lawful transportation charges due the plaintiff for the services rendered. The petition further alleged that the charges claimed by the plaintiff were based on published rates applicable to the transportation of airplane landing mats, less land-grant deductions authorized by law or agreement.

On February 28, 1952, the defendant moved to suspend proceedings in this court pending an administrative determination by the Interstate Commerce Commission as to whether the tariff rates and charges which were maintained and applied to the transportation of steel and aluminum landing mats were unjust and unreasonable and in violation of section 1 of the Interstate Commerce Act, 49 U.S.C.A. § 1. In its memorandum in support of this motion the defendant stated that the landing mats involved in this case were similar to the shipments

of steel landing mats involved in a complaint then pending before the Interstate Commerce Commission in United States v. Union Pacific Co., I. C. C. Docket No. 29805.[1] It also stated that the plaintiff in the present case was one of the parties in the landing mat case pending before the Interstate Commerce Commission.

On March 12, 1952, the court allowed the defendant's motion to suspend proceedings despite plaintiff's opposition to the motion.

The Union Pacific case, supra, was one of a group of cases before the Interstate Commerce Commission known as the War Materials Reparation Cases. Those cases involved 17 complaints filed by the Government with the Commission in which the Government alleged that the railroads' rates and charges for the transportation of Government freight during and after World War II were unjust and unreasonable. The Government requested reparation in each complaint. The 17 complaints were consolidated for hearing by the Commission and extensive hearings were held by the Commission's examiners. Both the Government and the railroads filed lengthy briefs and the Government filed exceptions to the examiners' proposed report.

In Part III of its complaint in the Union Pacific case the Government alleged that:

"Airplane landing mats were first devised and manufactured early in 1941 especially to meet the need of the armed forces for stable surfaces on emergency or temporary landing areas for aircraft. To accomplish this purpose, the landing mats were placed upon the ground and secured together so as to provide a durable, even surface where the terrain, emergency conditions, or temporary needs made it impracticable to undertake construction of permanent airfields."

The Government took the position before the Commission that the commodity descriptions for certain items in the transcontinental tariffs were sufficiently broad to include steel landing mats, and that the rates applicable to those items should have been applied to the Government's shipments rather than the rates actually applied by the railroads. It further urged that the rates charged by the railroads for the shipment of landing mats were unjust and unreasonable.

The Commission filed its final report on February 7, 1955. After a full consideration as to which rates were properly applicable to the items shipped by the Government, the Commission reached the conclusion stated in paragraph 8 on page 86 of its report, which reads as follows:

"We find that the rates and charges for the transportation of complainant's shipments of steel landing mats, assailed in this complaint, were applicable and not shown to have been unjust or unreasonable."

On September 23, 1955, the court vacated its order of March 12, 1952, suspending proceedings in this court, and granted the defendant 60 days to file its answer or otherwise plead.

In its original answer filed on November 22, 1955, the defendant admitted that plaintiff had transported articles described as Airplane Landing Mats from 1942 to 1945. However, the answer denied that the plaintiff had correctly computed the transportation

---

1. At the time the Government filed its motion to suspend proceedings in this court it was apparently under the impression that a dispute as to aluminum landing mats existed in the case before the court since it also cited United States v. Aberdeen & Rockfish R. Co., I.C.C. Docket No. 29746, in its memorandum in support of its motion. That case involved aluminum landing mats and was then pending before the Interstate Commerce Commission. However, the parties now agree that there is no dispute in the present case over aluminum landing mats and it is therefore unnecessary for the court to consider the Commission's decision in the aluminum landing mats case.

charges and alleged that the correct and lawful charges for such services should have been based on full export commodity rates, or commercial domestic commodity rates reduced by land-grant deductions, whichever was less.

On April 25, 1956, the court allowed the defendant to file its first amended answer in which it alleged that the articles shipped by it were not landing mats but that they were individual steel articles subject to lower charges and rates.

In its brief in support of its motion for summary judgment and in its reply brief the plaintiff takes the position that there is no genuine issue of fact in this case since the classification and rating of the articles in question has been fully tried by the Interstate Commerce Commission in the Union Pacific case, supra, and decided against the defendant.

The defendant's position is that a material issue of fact is present in this case, i. e., whether the steel articles shipped were steel sheets, painted, corrugated, bent or punched as described in the iron or steel list contained in Item 1350 of an export commodity tariff designated Transcontinental Freight Tariff No. 29-Series. While the defendant admits that the Commission considered this issue, it contends that this court is not bound by the Commission's decision as to applicability and that evidence will be presented to the court which was not presented to the Commission. The defendant relies on certain affidavits which it alleges will establish that the Commission was in error in holding that the items shipped by the Government did not conform to the commodity description which the defendant contended was applicable.

In Western Pacific Railroad Company v. United States, 131 F.Supp. 921, 132 Ct.Cl. 150, the court considered a problem similar to the one now before us. In that case the issue was whether certain motor vehicles should be classified and rated under Item 43780 of Consolidated Freight Classification No. 15, as

the plaintiff contended, or under Item 43810, as the Government urged. The plaintiff moved for summary judgment on the ground that the Interstate Commerce Commission, after a full hearing in a case entitled August Plantz, Inc. v. Atlantic & East Carolina Ry. Co., et al., I. C. C. No. 30062, had held that motor vehicles similar to those involved in the case before the court should take the classification and rating of Item 43780. It was the plaintiff's position that the court should, on the basis of the Commission's decision, hold in its favor on the question of the classification and rating of the motor vehicles.

The Government raised, first, the question of whether the decision of the Interstate Commerce Commission was binding upon this court and, second, the question of whether as a matter of fact the vehicles involved in the case before the court were altogether the same as those involved in the case decided by the Commission.

As to the first issue the court, after a complete review of the authorities, made the following statement at 132 Ct.Cl. 153:

"While it is probable that this court has jurisdiction to make a decision different from that reached by the Interstate Commerce Commission, we are not disposed to do so, unless the circumstances are very unusual. The Commission has had wide experience in problems of this kind and is especially equipped to deal with them.

"In the Plantz case, before making a decision the Interstate Commerce Commission conducted a very thorough hearing, the transcript of the testimony comprising more than 500 pages and numerous exhibits. In the light of the pleadings and the record in this case we will accept the findings and determination of the Interstate Commerce Commission."

On the second issue the court held that since the record was not sufficient to determine whether the vehicles involved

in the Plantz case were the same or substantially the same as the vehicles involved in the suit before the court, the case would be referred to a commissioner of the court for the purpose of taking testimony relating to that issue.

There is no question of fact in the present case as to whether the items shipped by the defendant are the same or substantially the same as the landing mats involved in the case decided by the Interstate Commerce Commission. Defendant does not raise this question in its pleadings and in its memorandum in support of its motion for leave to file its first amended answer the defendant stated that "Defendant agrees that the articles shipped herein and the articles shipped in I. C. C. No. 29805, are identical."

The only question now before the court is whether we will accept the findings and determination of the Interstate Commerce Commission in the Union Pacific case, supra, as to the classification and rating of items identical to those shipped by the Government in the present case.

As pointed out in the Western Pacific case, supra, this court will not reach a result contrary to that reached by the Interstate Commerce Commission in this type of case unless the circumstances are very unusual since the Commission has had wide experience in this field and is well qualified to handle such problems. In the Union Pacific case, supra, the defendant raised the question of the proper classification and rating of items identical with the ones involved in the present case, and advanced the same arguments to the Commission as it now advances to this court. The Commission considered the problem thoroughly and arrived at a result adverse to the defendant.

The defendant has failed to convince the court that it can produce any evidence which might cause us to reach a result contrary to that of the Commission.

The Commission has found that the rates and charges of the railroads for the transportation of landing mats identical with those involved in this suit were properly applicable. In the light of the pleadings and the entire record of this case we will accept the findings and determination of the Commission on this issue.[2]

Plaintiff's motion for summary judgment on the issue of defendant's liability is granted and judgment is entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.

2. On December 3, 1956, the Supreme Court decided the case of United States v. Western Pacific Railroad Company, 1956, 77 S.Ct. 161, in which it reversed a judgment of this court and remanded the case for further proceedings. In that case the Supreme Court considered the question of the primary jurisdiction of the Interstate Commerce Commission in relation to this court and dealt with the problem of reference by this court of certain questions to the Commission. The question of the weight which a decision by the Interstate Commerce Commission is entitled to in this court was not in issue in the Western Pacific case. However, there is language in that opinion which supports our conclusion that since the Commission is a body of experts in matters such as are now before the court, a decision by the Commission is entitled to great weight.