[No. 16696.   Department Two.   January 14, 1922.]

J. W. ROBINSON, *Appellant*, v. PACIFIC TELEPHONE & TELEGRAPH COMPANY *et al., Respondents.*[1]

TELEGRAPHS AND TELEPHONES (5)—INADEQUATE SERVICE—ACTIONS —POWERS OF PUBLIC SERVICE COMMISSION. An action for damages grounded on the poor service rendered by a telephone company to a subscriber is not within the jurisdiction of the courts in the first instance, since under Rem. Code, § 8626, the remedy for unjust and unreasonable practices on the part of a public service corporation must be sought by application to the public service commission.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 19, 1921, upon sustaining a demurrer to the complaint, dismissing an action for damages. Affirmed.

*Robinson, Murphy & Murphine,* for appellant.

*Chadwick, McMicken, Ramsey & Rupp, John P. Garvin,* and *Stephen F. Chadwick,* for respondents.

PARKER, C. J.—The plaintiff, Robinson, a customer of the defendant telephone company, commenced this action in the superior court for King county, on February 7, 1919, seeking recovery of damages against the defendant, alleged to be the result of the violation of his rights in connection with the furnishing of telephone service to him. The defendant's demurrer to the complaint, including the supplemental complaint,

[1]Reported in 203 Pac. 1.

being sustained by the superior court, and the plaintiff electing to not plead further, final judgment of dismissal was rendered against him; from which he has appealed to this court.

Appellant's complaint is very long, and to us seems much involved in its language. We do not feel called upon to analyze it in detail here. We deem it sufficient to say that it contains four alleged causes of action, as follows: The first cause of action is a claim for damages as the alleged result of annoyance and inconvenience to appellant's office, in that his stenographer was compelled to repeatedly answer telephone calls at his office which were erroneously transmitted there by respondent's servants, to the extent that a considerable portion of his stenographer's time, taken from her other duties, was thus consumed, covering a period of seventy-eight weeks up to the time of the commencement of this action, to appellant's damage at the rate of $12.50 per week for seventy-eight weeks, aggregating $975. The second cause of action is a claim for repayment of the $12.50 per month paid by appellant to respondent for telephone service for the period of thirteen months prior to the commencement of this action, aggregating $162.50; this upon the theory that the service rendered was worthless, rendered so by the alleged annoyance noticed in the first cause of action. The third cause of action, which is a claim for injunctive relief, we think is so devoid of merit as to not call for consideration here; especially in view of subsequent events shown by the record, indicating plainly that there is no unlawful threat to remove appellant's telephone, against which alleged threat the injunctive relief is sought. The fourth cause of action, set up in a supplemental complaint filed on October 13, 1920—which, it will be noticed, was some twenty months after the commencement of the

action—is merely a claim for damages, continued and accumulated, under the same conditions as alleged in both the first and second causes of action, which damages, alleged to have occurred after the beginning of the action, are claimed in the amount of $1,075. There is a stipulation made by counsel, filed in the case, which they agree shall be considered as a part of each of appellant's causes of action, to the effect that the charge made by respondent for telephone service rendered to appellant "has at all times been the tariff charge provided by the public service commission of the state of Washington."

Our conclusion is that this pleading of appellant's several causes of action amounts to nothing more or less than the seeking of damages as against respondent because of the inadequacy of the telephone service that it was required to render to appellant, covering a continuous period of approximately three years, without appellant having ever at any time made complaint or application to the public service commission of the state of Washington to have the defects or shortcomings of respondent's telephone service remedied by appropriate orders of that commission.

Being of the opinion that appellant's pleaded claims present, in their last analysis, only questions of alleged "unjust" and "unreasonable" practices on the part of respondent as against appellant, spreading continuously over such a long period of time, within the meaning of § 8626, Rem. Code, and it appearing that that and other sections of our public service law require that remedy for such wrongs be sought in the first instance through complaint and application to our public service commission, we conclude that appellant's complaint does not state facts entitling him to relief, as prayed for, at the hands of the courts. The reasoning of, and observations made in, our decisions in *State*

*ex rel. Goss v. Metaline Falls Light & Water Co.,* 80
Wash. 652, 141 Pac. 1142; *Hewitt Logging Co. v.
Northern Pac. R. Co.,* 97 Wash. 597, 166 Pac. 1153;
*Belcher v. Tacoma Eastern R. Co.,* 99 Wash. 34, 168
Pac. 782; *State ex rel. Ellertsen v. Home Tel. & Tel.
Co.,* 102 Wash. 196, 172 Pac. 899; and *State ex rel.
Home Tel. & Tel. Co. v. Superior Court,* 110 Wash.
396, 188 Pac. 404, lend support to this conclusion. We
do not cite these cases as being exactly in point, and we
do not lose sight of the fact that these cases deal, for
the most part, with excessive and unreasonable charges
for service. But we think the question of alleged un-
just and unreasonable practices, under the circum-
stances here pleaded, is as completely within the ex-
clusive original jurisdiction of the public service com-
mission as are unreasonable and excessive charges.

The judgment is affirmed.

HOVEY, MAIN, HOLCOMB, and MACKINTOSH, JJ.,
concur.