[No. 20529. *En Banc.* July 26, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Department of Public Works et al., Respondents,* v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY
*et al., Appellants,* SKAGIT RIVER TELEPHONE
AND TELEGRAPH COMPANY *et al.,*
*Defendants.*[1]

[1] TELEGRAPHS AND TELEPHONES (5)—PARTIES (31)—REGULATION
OF TELEPHONE CONNECTIONS—ACTION TO ENFORCE—PARTIES NECESSARY TO COMPLETE DETERMINATION. In a hearing before the department of public works for an order directing telephone connections between the relator and defendant company, other companies having connections with the defendant are necessary parties to the proceeding, without whose presence there can be no valid judgment, where their lines constitute a web of lines serving the plaintiff's territory and they claim certain exclusive rights to have and maintain connections with the defendant company.

[2] SAME (5)—REGULATION—REVIEW. Where there was a failure to bring in the necessary parties on an application to the department of public works for an order for telephone connections, the defect cannot be supplied upon an appeal to the superior court to review the decision of the department.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered December 10, 1926, in favor of the plaintiffs, in an action to compel connections between telephone systems. Reversed.

*Elmer B. Jones* and *Cleland & Clifford,* for appellant Puget Sound Telephone Co.

*Chadwick, McMicken, Ramsey & Rupp,* for appellant Pacific Telephone and Telegraph Co.

*The Attorney General* and *H. C. Brodie, Assistant,* for respondent Department of Public Works.

*C. J. Henderson,* for defendant Skagit River Telephone & Telegraph Co.

[1] Reported in 258 Pac. 313.

MACKINTOSH, C. J.—In Skagit county there are operating three local telephone companies, the Skagit River Telephone and Telegraph Company, the Skagit Valley Rural Telephone Company and the Puget Sound Telephone Company, and also a national system operated by the Pacific Telephone and Telegraph Company. Before the department of public works, the Skagit Valley Rural Telephone Company made complaint and asked connection with the lines of the Pacific Telephone and Telegraph Company. On a hearing of that complaint, it was shown that the Puget Sound Telephone Company and the Skagit River Telephone and Telegraph Company had interconnections and furnished local and long-distance service and operated throughout the territory in which the Skagit Valley Rural Telephone Company operates. In the action before the department, the Puget Sound Telephone Company and the Skagit River Telephone and Telegraph Company were not made parties. The department granted the application of the Skagit Valley Rural Telephone Company and ordered its lines to be connected with those of the Pacific Telephone and Telegraph Company for the purpose of furnishing long-distance service. This connection was not made, and the present action was begun by the department seeking to compel the connection and to restrain the Puget Sound Telephone Company and the Skagit River Telephone and Telegraph Company. The superior court granted the mandamus to compel the making of the connections and to restrain the appellants, and this is an appeal from that writ.

[1] The claim of the Puget Sound Telephone Company, that it was a necessary, proper and indispensable party to the proceeding before the department of public works, must be sustained.

Under the law, it was necessary to determine before

the department the rights of this company, and before those rights could be determined the owner of them should be called into the proceeding and heard; otherwise, those rights would be disturbed without due process of law. That the Puget Sound Telephone Company's rights were involved in the determination before the department is apparent from the facts as they appear in the record, which disclosed that the telephone lines of the Skagit Valley Rural Telephone Company are within Skagit county and that the lines of the Puget Sound Telephone Company extend through that county; that the Puget Sound Telephone Company reaches points outside of Skagit county through its own lines and through connections with the Pacific Telephone and Telegraph Company; that the Skagit River Telephone and Telegraph Company reaches points outside of Skagit county through connection with the Puget Sound Telephone Company; that the principal roads throughout the county are covered by both companies; and that their lines are parallel throughout the entire territory.

Before the department could determine that a necessity existed for a connection between the lines of the Skagit Valley Rural Telephone Company and the Pacific Telephone and Telegraph Company, it would have to determine the extent and character of the service already being rendered by the Puget Sound Telephone Company; and it was impossible for the department to determine the necessity for that connection without hearing proof from all the companies involved in this web of telephone service. The Puget Sound Telephone Company, not being a party, had no opportunity to produce witnesses on its own behalf on the question of necessity or to cross-examine the witnesses produced by its competitors. The Puget Sound Telephone Com-

pany, not having been made a party, could not present the testimony regarding its lines, plant and exchanges, the character of service that was rendered and the accessibility of that service to all the communities involved, the details of its business and operation; and the department was therefore not fully advised in order to properly decide the question of whether a necessity for further connection existed.

[2] This failure to make the interested company a party to the proceeding before the department is recognized in this mandamus proceeding, where this interested party together with the other company, which was not made a party to the department proceedings, were joined as defendants and their rights were attempted to be litigated in the superior court; while rightfully they should have originally been considered and passed on in the hearing before the department. This failure to include these interested, necessary and indispensable companies as parties to the department proceeding could not be cured by bringing them into a subsequent action in the superior court seeking to enforce an order entered without their appearance in the department proceeding. The present mandamus action recognized that the Puget Sound Telephone Company was claiming certain exclusive rights to have and maintain connections with the Pacific Telephone and Telegraph Company; this very allegation, disclosing that those rights were never submitted to the department, renders the department decision invalid, the superior court having no jurisdiction to pass upon such rights before they have originally been determined by the department. *State ex rel. Goss v. Metaline Falls Light & Water Co.*, 80 Wash. 652; 141 Pac. 1142; *Robinson v. Pacific Tel. & Tel. Co.*, 118 Wash. 318, 203 Pac. 1.

For these reasons, the action of the superior court

in granting the writ of mandate is reversed, and the action ordered dismissed.

PARKER, MAIN, MITCHELL, FRENCH, ASKREN, TOLMAN, and HOLCOMB, JJ., concur.