215 So.2d 609 (1968)
UNITED TELEPHONE COMPANY OF FLORIDA, Petitioner,
v.
William T. MAYO, As Chairman and Jerry W. Carter and Edwin L. Mason As Members of and Constituting the Florida Public Service Commission, Respondents.
No. 37671.
Supreme Court of Florida.
October 24, 1968.
Rehearing Denied December 9, 1968.
M.W. Wells, of Maguire, Voorhis & Wells, Orlando, for petitioner.
B. Kenneth Gatlin, Tallahassee, for Florida Public Service Commission.
Thomas T. Trettis, Jr., Naples, for City of Naples, respondents.
PER CURIAM.
This case comes to us upon petition to review an order of the Public Service Commission withholding approval of a rate increase sought by the United Telephone Company of Florida until improvements planned by the Company were accomplished. Squarely in the path of those who would oppose the ruling by the Commission is Fla. Stat. § 366.041 (1967), F.S.A., Ch. 67-326, Laws of Florida, which plainly authorizes what was done in this case for it expressly provides:
"In fixing the just, reasonable, and compensatory rates, charges, fares, tolls, or rentals to be observed and charged for service within the state of Florida by any and all public utilities under its jurisdiction, the Florida public service commission is authorized to give consideration, among other things, to the efficiency, sufficiency, and adequacy of the facilities provided and the services rendered, the value of such service to the public, and the ability of the utility to improve such service and facilities; provided that no public utility shall be denied a reasonable rate of return upon its rate base in any order entered pursuant to such proceedings. In its consideration thereof, the commission shall have authority, and it shall be the commission's duty, to hear service complaints, if any, that may be presented by subscribers and the public during any proceedings involving such rates, charges, fares, tolls, or rentals * * *."
*610 But, says the petitioners, the law on the subject was settled by our decision in Florida Telephone Corporation v. Carter, 70 So.2d 508 (Fla. 1954), when it was held that the Commission could not authorize an increase in rates and at the same time assess a penalty for inadequate service. It is obvious, however, that the Act which we think now governs was enacted subsequent to that pronouncement by the Court and, for ought we know, was intended to overcome the decision.
Petitioners next assault the statute as being unconstitutional because it deprives it of its property, supposedly the amount of the rate increase, without due process of law.
We cannot accept this argument, which we consider unusual, and we hold that the Commission's order is authorized by the statute and that the statute is not shown beyond a reasonable doubt to be invalid.
The Order of the Commission is affirmed.
CALDWELL, C.J., and THOMAS, ROBERTS, ERVIN and HOPPING, JJ., concur.