## JULINGTON CREEK MARINA, Inc. v. SOUTHERN BELL TEL. & TEL. CO.

No. 70-545.

Circuit Court, Duval County.

January 29, 1971.

S. Gordon Blalock, Jacksonville, for plaintiff.

Harold B. Wahl of Loftin & Wahl, Nathan H. Wilson and John D. McKey, Jr. all of Jacksonville, for defendant.

**FRANK H. ELMORE, Circuit Judge.**

After due notice by or to all parties affected, a hearing was held before the court with respect to the matters disposed of by this order. The court heard argument of counsel for the defendant, there being no appearance for the plaintiff.

The court finds —

(1) Plaintiff's amendment to count III of its complaint in substance alleges that the defendant telephone company erroneously informed callers that plaintiff's service was disconnected and no longer in service, and that this failure of service continued for a considerable period of time.

(2) Defendant has asked for leave to file the additional defense that under the Florida Public Service Commission rule filed in the office of the Florida Secretary of State, the sole remedy of the subscriber for service interruptions or service complaints is a refund of a pro rata share of the charges for the time when the service is out of order in excess of forty-eight hours after being reported to the company.

(3) The Florida Public Service Commission has sole jurisdiction to fix rates, rules, regulations and standards of service under chapters 364 and 366 of the Florida Statutes and this rule of the commission is valid and reasonable.

*Law*

As stated in Wilkinson v. New England Telephone & Telegraph Co. (Mass. 1951) 97 N.E.2d. 413, upholding a similar rule approved by the Massachusetts Department of Public Utilities —

> There is no doubt that it is the duty of the defendant to furnish service upon application and by virtue of the relationship which existed between the plaintiff and the defendant. *This duty however, is to be performed in accordance with the regulations of the defendant,* which were approved by the department and of which the plaintiff is presumed to have notice. *Regulation VI A became an integral part of the relationship which the plaintiff entered into with the defendant,* and the obligations of the defendant are limited by the regulation if it is a reasonable one . . . The right of a common carrier, as the defendant is made by statute, to make rules and regulations, subject to the approval of the department and the requirement of reasonableness, has been long recognized . . .

> Because of the complexities and intricacies of the modern telephone system in which the personal element has been substantially eliminated and much if not all of the means of making usual telephone calls is left to mechanical devices, such a regulation is not unreasonable. There are so many ways by which the failures of service of

which the plaintiff complains could occur that the defendant ought not to be held liable unless, as the regulation provides, such failure continued for at least twenty-four hours.

There is no merit to the contention of the plaintiff that this regulation applies only when there has been a continuous failure of service for more than twenty-four hours. *This regulation is not solely a limitation of damages in case of failure of service. Its purpose is rather to limit and define the duty of the defendant to supply service. It sets out what type of service the defendant will supply and the scope of the service it undertakes to furnish. It completely covers the field.*

The regulation was not unreasonable, and because the failure of service did not on any occasion exist for as much as twenty-four hours the plaintiff cannot recover. Any other result might invite and encourage litigation which, because of its increased costs to the defendant might ultimately effect an increase in rates for telephone service. By c. 159 rates and regulations are indissolubly bound together. When the department approved regulation VI A, it must have had in mind its effect on rates and no modification of the regulation may be countenanced. *It is an effectual bar to this action.* (pp. 415-416) (Italics added.)

See also Crancer v. Lowden, (1942) 315 U.S. 631; Carter v. A.T.&T. Co., (CA-5, 1966) 365 F.2d. 486, 496; and Western Union v. Esteve, (1921) 256 U. S. 566, as upholding the principle that rules promulgated by the Florida Public Service Commission have the effect of law, binding upon the utility and its customers alike.

As for other authorities supporting the specific type of additional defense here, in addition to the *Wilkinson* case, supra, see Sarelas v. Ill. Bell Tel. & Tel. Co., (Ill. 1963) 192 N.E.2d 451; Cole v. Pacific Telephone & Telegraph Co., (Calif. 1952) 246 P.2d 686; Pollock v. New England Telephone & Telegraph Co., (Mass. 1935) 194 N.E. 133; and Solitron Devices, Inc. v. Southern Bell Tel. & Tel. Co., Case No. 69-C-754, Palm Beach County Circuit Court, May 13, 1969.

For cases upholding limitations of liability in telephone contracts, see Neering v. Southern Bell (Simpson, J., S. D. Fla. 1958) 169 Fed. Supp. 133; Advance Service v. General Telephone (Fla. DCA-2, 1966) 187 So.2d 660, and cases cited, including Saleeba v. Southern Bell (Luckie, J., Duval County Circuit Court, 1960), 15 Fla. Supp. 159.

Therefore, it is ordered that — (1) Defendant's motion for leave to file amended answer is granted, and the amended answer to the amendment to count III of plaintiff's complaint is filed as of today. (2) Plaintiff shall reply, if desired, to that amended answer on or before Thursday, February 4, 1971. Rule 1.100(a), F.R.C.P.