CARLTON, Justice.
We are concerned in this case with the avenues of procedure available to the Florida Air and Water Pollution Control Commission for the assessment of civil penalties against an alleged polluter under Chapter 403, Florida Statutes, F.S.A. The District Court of Appeal, First District, has held through an opinion reported at 237 So.2d 797 (1st D.C.A.Fla.1970), that the Commission cannot file a complaint seeking assessment of penalties directly in a court of competent jurisdiction without first complying with Fla.Stat. § 403.121, F.S.A. We agree with the District Court although we find it necessary to modify the decision it rendered below.
Our jurisdiction to review this cause results from a decisional conflict between the District Court’s opinion and Community Blood Bank, Inc. v. Russell, 196 So.2d 115 (Fla.1967). Article V, § 4(2), Florida Constitution, F.S.A. Discussion of the conflict and its resolution will be reserved for the latter part of this opinion.
In March 1969, the Commission filed in Circuit Court, Duval County, a complaint against St. Regis under Fla.Stat. § 403.161, F.S.A. for the assessment of civil penalties for violation of the Florida Air and Water Pollution Control Act, Chapter 403, Florida Statutes. The complaint stated: that St. Regis operated a pulp and paper mill adjacent to the St. John’s River and its tributary, the Broward River, in Duval County; that St. Regis maintained facilities for the storage, use and transport of oil in the operation of its mill, and also maintained pipelines into the St. John’s River for the discharge of wastes; that upon information and belief, from December 19, 1968 to February 4, 1969, a period of approximately 47 days, St. Regis discharged oil into the river in violation of Commission Rule, Subsection (2) of Section 28-5.02, Florida Administrative Code; that, therefore, St. Regis was liable for civil penalties of up to $1,000 per day for each daily offense; and finally, that the civil penalties sought to be imposed were the direct and proximate result of the failure of St. Regis to observe the laws of the State relating to the contamination of waters. The relief prayed for was the assessment of penalties for each daily offense as might be shown.
St. Regis countered with a motion to dismiss based upon the theory that the Commission had failed to properly exhaust its administrative remedies, and that it had failed to demonstrate compliance with Fla. Stat. § 403.121(1) and (2), F.S.A. The Circuit Court denied the motion, and St. Regis resorted to an interlocutory appeal to the District Court. The Commission contended on appeal that under Chapter 403, it had available to it two avenues of enforcement remedies: it could treat a violation as an administrative matter under Fla.Stat. § 403.121, F.S.A. or it could move directly against a violator in court under Fla.Stat. § 403.161, F.S.A.
The District Court rejected the Commission’s arguments, and ordered the complaint dismissed upon”the following reasoning:
“Chapter 403 is construed to require mandatory compliance by the Commission with the provisions of § 403.121 prior to instituting a proceeding in a court of competent jurisdiction seeking civil or criminal penalties where a continuing violation is charged predicated upon the usual and normal daily operation of the violator’s business. Our conclusion does not preclude the Commission from instituting a judicial proceeding for civil or criminal penalties for a single violation arising out of unusual or abnormal activities on the part of the alleged violator.4 [4. For example, a tanker discharging oil in public waters, *255 or the opening or breaking of a dike or dam to discharge sludge into streams, etc.] Of course, the provision of the Chapter granting to the Commission the right to seek an injunction is available to the Commission for initial relief without regard to § 403.121 in those circumstances coming within the purview of § 403.131. The trial court is directed to grant the instant motion to dismiss.” 237 So.2d at 800.
The enforcement and penalty provisions of Chapter 403 have not been drafted with precision, but we agree with the District Court that a scheme of administrative review is apparent. Fla.Stat. § 403.161(1) provides that it is unlawful to contaminate the waters of this State in violation of rules fixing standards of water quality. If the Commission has reason to believe that a violation has occurred, it is required to serve the alleged violator with written notice under Fla.Stat. § 403.121, F.S.A. This notice is to specify the provision allegedly violated along with the facts alleged to constitute a violation. If the notice includes a Commission order requiring corrective action, the order is not effective until after the recipient has been given reasonable notice, has been served with the order, and a hearing has been held, if requested. These requirements, as well as those contained in Fla.Stat. § 403.121(2) and (3), F.S.A., must be satisfied unless injunctive relief is sought where applicable under Fla.Stat. § 403.131, F.S.A.
Although Fla.Stat. § 403.121(1), (2) and (3), F.S.A. are concerned with enforcement by the Commission of the laws under the Chapter, these enactments do not address themselves to the imposition of penalties. Penalties are provided for under Fla.Stat. § 403.161(2) and (3), F.S.A. and imposition of penalties is made a judicial matter under Subsection (4). Before the penalty stage can be reached, however, the alleged violator is entitled to notice and a hearing before the Commission. But once the due process safeguards are met and the Commission has determined that one or more violations have occurred, it is then free to initiate a complaint seeking judicial imposition of penalties; it is also free to assess damages and costs under Fla. Stat. § 403.141(1), F.S.A. and either wait for voluntary payment under subsection (2), or to proceed forthwith to obtain a judicial determination of liability for damages and costs under subsection (3).
While we agree with that part of the District Court’s opinion which is consonant with the foregoing remarks, we are not entirely in agreement with the remainder of the opinion. In its concluding statement, which has been set out in quotation above, the Court infers a possible distinction between violations arising from “usual or daily operation” and violations arising out of “unusual or abnormal activities.” We find no basis for an inference of this nature in Chapter 403. All violations are subject to action by the Commission under the appropriate procedures set out in Fla. Stat. § 403.121, F.S.A., unless an order has been violated or an emergency arises, in which case the injunctive procedures of Fla.Stat. § 403.131, F.S.A. shall apply.
More importantly, we cannot agree with certain factual determinations made by the District Court without benefit of record. In Community Blood Bank, Inc. v. Russell, 196 So.2d 115 (Fla.1967), the case cited for conflict, we held that it was premature and error for a District Court to undertake to settle as a question of law that which, under defensive pleadings, would be a question of fact. Given the state of the record in the instant case, we find that it was premature and error for the District Court to state at 237 So.2d 800 that: “Apparently the Commission was content to sit by and observe the defilement of our natural resources for a long period of time and then by construction of its own rules seek civil penalties in a sum that might well abate the industry [footnote omitted].” This statement is mere surplusage and is hereby expunged by our direction.
One final matter remains for comment prior to entry of our order in this cause. The sole issue presented to the District Court was the Commission’s right to proceed directly in the Circuit Court for an assessment of civil penalties without prior notice to St. Regis. In essence, this is a procedural issue not going to the substance of the litigation. The adverse ruling on this issue does not, in our opinion, foreclose further Commission action in accordance with the proper procedures discussed herein.
*256 For the reasons stated, that portion of the decision of the District Court of Appeal which conforms to our holding is approved, but that part which is surplusage is expunged; further, the dismissal is without prejudice to the Commission to proceed in accordance with proper procedure. The opinion of the District Court having been thus revised, the writ of certiorari is discharged.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.