## MOBILE AMERICA CORPORATION, Inc. v. SOUTHERN BELL TEL. & TEL. CO.
No. 72-173.
### Circuit Court, Duval County.
April 6, 1972.

Hugh M. Davenport of Greene, Greene, Smith & Davenport, Jacksonville, for the plaintiff.

Harold B. Wahl of Loftin & Wahl and Nathan H. Wilson, both of Jacksonville, and William D. Goddard, Atlanta, Ga., for the defendant.

CHARLES A. LUCKIE, Circuit Judge.

Plaintiff, Mobile America Corporation, has sued defendant, Southern Bell Telephone and Telegraph Company, seeking damages for alleged inadequate and inefficient telephone service. The allegation as to inadequate and inefficient service is of a general nature. The substance of that allegation is contained in paragraphs (4) and (5) of plaintiff's amended complaint, reading as follows —

4. By reason of the provisions of Section 364.03, Florida Statutes (1969), Defendant is required to provide its service in a prompt, expeditious and efficient manner, and its facilities, instrumentalities and equipment are required to be safe, kept in good condition and repair, and its appliances,

instrumentalities and service shall be modern, adequate, sufficient and efficient.

5. Notwithstanding this, Defendant failed to furnish service in a prompt, expeditious and efficient manner during November and December of 1971 because its facilities and equipment were not in good condition and repair and its appliances, instrumentalities and service were antiquated, inadequate, insufficient or inefficient in that incoming calls did not get through, incoming calls were cut off during conversation, incoming calls received a busy signal although the lines were not busy, incoming callers were informed that the phone had been disconnected, calls placed on "hold" were cut off, and it was at times impossible to dial outgoing calls.

Plaintiff's amended complaint cites, relies on and, in fact, tracks the language of Florida Statute §364.03, quoted as follows —

(1) All rates, tolls, contracts and charges, rules and regulations of telephone companies and telegraph companies, for messages, conversations, services rendered and equipment and facilities supplied, whether such messages, conversation or service to be performed be over one company or line or over or by two or more companies or lines, shall be fair, just, reasonable and sufficient, and the service so to be rendered any person, by any telephone or telegraph company shall be rendered and performed in a prompt, expeditious and efficient manner and the facilities, instrumentalities and equipment furnished by it shall be safe, kept in good condition and repair, and its appliances, instrumentalities and service shall be modern, adequate, sufficient and efficient.

(2) Every telephone company and every telegraph company operating in this state shall provide and maintain suitable and adequate buildings and facilities therein, or connected therewith, for the accommodation, comfort and convenience of its patrons and employees.

(3) Every telephone company shall, upon reasonable notice, furnish to all persons who may apply therefor and be reasonably entitled thereto suitable and proper facilities and connections for telephonic communications and furnish telephone service as demanded upon terms to be approved by the commissioners.

Florida Statute §364.03 is a part of chapter 364, Florida Statutes, a chapter devoted to the regulation of telephone companies by the Florida Public Service Commission. Under chapter 364 the commission is granted the power not only to investigate inadequate telephone service but also to issue orders designed to remedy service deficiences. §364.14(2) provides that —

Whenever the commissioners shall find, after such hearing that the rules, regulations or practices of any telegraph company or telephone company are unjust or unreasonable, or that *the equipment facilities or service* of any telegraph company or telephone company are inadequate,

inefficient, improper or insufficient the commissioners shall determine the just, reasonable, proper, adequate and efficient rules, regulations, practices, *equipment facilities and service* to be thereafter installed, observed and used and fix the same by order or rule as hereinafter provided. (Italics added.)

The commission's statutory authority includes the power to compel specific repairs or service improvements. §364.15 provides that —

Whenever the commissioners shall find after a hearing had on their own motion or upon complaint, that repairs or improvements to, or changes in, any telegraph line or telephone line ought reasonably to be made, or that any additions or extensions should reasonably be made thereto, in order to promote the security or convenience of the public or employees, or in order to secure adequate service or facilities for telegraphic or telephonic communications, the commissioners shall make and serve an order directing that such repairs, improvements, changes, additions or extensions be made in the manner to be specified therein.

Further, and most significantly, the legislature has included a statement of intent as a preface to chapter 364, that statement evidencing a clear intent to grant the commission *exclusive jurisdiction* in exercising the various functions described in chapter 364, stating in §364.01(2) —

It is the legislative intent to give exclusive jurisdiction in all matters set forth in parts I and II of chapter 364 to the Florida Public Service Commission in regulating telegraph and telephone and radio common carriers and such preemption shall supersede any local or special act or municipal charter where any conflict of authority may exist.

Moreover, under §366.04(1) the commission is specifically granted authority to consider the adequacy and sufficiency of service, and complaints, in connection with rate proceedings. Accordingly, it is clear that the legislature intended to grant to the commission exclusive jurisdiction in regard to determining the adequacy of telephone service and in regard to remedying service that may be inadequate or inefficient.

The courts of Florida have recognized the commission's exclusive jurisdiction. For example, in a suit filed in the Duval County Civil Court of Record in 1953, the plaintiff brought an action seeking damages for inadequate and inefficient telephone service. Powell v. Southern Bell Telephone and Telegraph Company, 4 Fla. Supp. 117 (1953). The court dismissed the complaint, reasoning as follows —

Plaintiff sued the Southern Bell Tel. & Tel. Co., alleging its failure to render proper and efficient telephone service, and the defendant com-

pany has filed its motion to dismiss the suit on the ground that plaintiff's remedy is before the Railroad & Public Utilities Commission.

Having heard and carefully considered the argument of counsel for the parties, I am of the opinion that under the Florida law and authorities cited, viz., Dade County News Dealers Supply Co. v. Southern Bell Tel. & Tel. Co. (Fla.), 48 So.2d 89 at page 90, chapter 364, Florida Statutes 1951, and Robinson v. Pacific Tel. & Tel. Co. (Wash. 1922), 203 Pac. 1, plaintiff's remedy, if any, is not before the court but before the Railroad & Public Utilities Commission.

It is therefore ordered that the said motion to dismiss be and it is hereby granted, that plaintiff shall take nothing by his suit, and defendant shall go hence without day.

See also, Dade County News Dealers Supply Company v. Southern Bell Telephone and Telegraph Company, 48 So.2d 89 (Fla., 1950) at headnote (1); Julington Creek Marina v. Southern Bell Telephone and Telegraph Company, 35 Fla. Supp. 183 (Cir. Ct. Duval County, Fla., 1971); and Cole v. Southern Bell Telephone and Telegraph Company, 31 Fla. Supp. 100, aff'd, 221 So.2d 200 (3rd DCA Fla., 1969), wherein the plaintiff attempted to challenge certain commission procedures and the court dismissed the case, relegating the issue to the commission. See also, Orange City Water Company v. Town of Orange City, 255 So.2d 257 (Fla., 1971).

The decision rendered in Powell v. Southern Bell Telephone and Telegraph Company, supra, is also supported by numerous decisions in other jurisdictions. See, Robinson v. Pacific Telephone and Telegraph Company, 118 Wash. 318, 203 Pac. 1, 2 (1922), wherein the Supreme Court of Washington said —

Our conclusion is that this pleading of appellant's several causes of action amounts to nothing more or less than the seeking of damages as against respondent, because of the inadequacy of the telephone service that it was required to render to appellant covering a continuous period of approximately three years, without appellant having ever at any time made complaint or application to the Public Service Commission of the state of Washington to have the defects or shortcomings of respondent's telephone service remedied by appropriate orders of that commission.

Being of the opinion that appellant's pleaded claims present in their last analysis only questions of alleged "unjust" and "unreasonable" practices on the part of respondent as against appellant, spreading continuously over such a long period of time within the meaning of section 8626-1 et seq., Rem. Code, and it appearing that that and other sections of our public service law require that remedy for such wrongs be sought in the first instance through complaint and application to our Public Service Commission, we conclude that appellant's complaint does not state facts entitling him to relief, as prayed for, at the hands of the courts.

Further, see Johnstown Telephone Company v. Berkebile, 283 S.W. 456, 459 (Ct. App. Mo., 1926), wherein the court said —

> If defendants' action is to be sustained, it will necessarily result in establishing a rule in this state that the subscriber and the courts shall pass upon the question of what is adequate service and not the Public Service Commission. Of course, this is not the law. Article 5 of Chapter 95, R. C. 1919, places the jurisdiction in the Public Service Commission to determine the question of adequate service.

With regard to the foregoing opinion, it is significant to note that the Missouri statutes outlined in the opinion conferred on the Missouri Public Service Commission substantially the same powers as are conferred on the Florida Public Service Commission under chapter 364, Florida Statutes.

See also, United Telephone of Florida v. Mayo, 215 So.2d 609 (1968), Ellison v. Rayonier, 156 Fed.Supp. 214 (U.S. D.C., Wash., 1957), and State ex rel. Department of Public Works v. Pacific Telephone and Telegraph Company, 144 Wash. 383, 258 Pac. 313 (1927), and 1 Fla.Jur., *Administrative Law*, §234 (1972 Supp. at 76).

In the current advance sheets there are three very recent cases which illustrate the doctrine here contended for, i.e., that plaintiff must proceed before the Public Service commission, and that the commission has primary jurisdiction.

In State ex rel. Jackson, et al. v. Seaboard Coast Line Railroad (Fla. DCA-3, 1972) 257 So.2d 88, the plaintiffs sought to have the circuit court abate as a public nuisance the operation of certain railroad trains. The circuit court dismissed the amended complaint on the ground that exclusive jurisdiction was in the Public Service Commission. The District Court of Appeal affirmed, and we quote from page 89 —

> Thereby the plaintiffs sought a judgment declaring to be a public nuisance the operation of trains by the defendant between certain hours (8:00 P.M. to 4:00 A.M.) on Northwest Eleventh Terrace from Northwest First Avenue to Northwest Seventh Avenue in the city of Miami. The grounds alleged were noise; danger to vehicles, pedestrians and (attracted) children; improperly maintained track and roadbed; and absence of adequate warning devices at street intersections."
>
> \* \* \* \* \* \* \* \*
>
> Upon consideration of the arguments of the appellants, in the light of the record and briefs, we affirm the judgment of dismissal. *It would appear that the remedy, if any, for the matters complained of, would be*

*through control of the railroad operation to be exercised by the Florida Public Service Commission under Chapter 350 Fla. Stat., F.S.A.* \*\*\*\*
(Italics added.)

In the case of State of Florida Air and Water Pollution Control Commission v. St. Regis Paper (Fla. 1971) 257 So.2d 253, the Supreme Court held that except in special emergency cases, that commission must first exhaust the administrative procedures required by the statute (including notice and hearing before the commission) before going to court.

In State ex rel. Shevin, Attorney General v. Yarborough, Chairman, Florida Public Service Commission (Fla. 1972) 257 So.2d 891, the court agreed with the Public Service Commission that F.S. chapter 366 "bestows on it the full power of the state to exercise exclusive jurisdiction for the protection of the public welfare in the regulation and supervision of the rates and services of public utilities". The court held unanimously that while the attorney general could represent the state of Florida as a customer of the utility, the commission was correct in limiting him to that capacity (page 892), and that the attorney general was not entitled to intervene "on behalf of all citizens of the state of Florida"; further, that the commission was correct in refusing to make the utility (Florida Power Corporation) pay for an audit demanded by the attorney general.

Thus, the Florida courts, in accordance with the courts of other jurisdictions, have recognized the exclusive jurisdiction conferred on the Public Service Commission in regard to supervising and regulating the adequacy of telephone service. In cases where the adequacy of telephone service is raised as an issue, the Florida courts have consistently referred that issue to the Public Service Commission. Further, based on the authority and jurisdiction conferred under chapter 364, Florida Statutes, the commission has issued extensive regulations which establish standards for determining the adequacy of telephone service. See 3 Florida Administrative Code 25-4.66—25-4.78. Such standards illustrate the technical nature of the adequacy of service issue and the need for specialized skills in making a determination as to that issue. Under such circumstances the courts have elected to refer the question of service adequacy to the commission, an agency which has a professional staff and special competence necessary to adequately investigate and resolve that question.

For the foregoing reasons, this cause is dismissed without prejudice to the right of the plaintiff to proceed before the Florida Public Service Commission.