SPECTOR, Chief Judge.
Appellants seek reversal of an order dismissing the complaint in an action filed against appellee seeking compensation for damages to the St. Johns River caused by oil spillage, which action was brought pursuant to Section 403.141, Florida Statutes, F.S.A.
The central issue posed by this appeal is whether Section 403.141, Florida Statutes, 1971, F.S.A., authorizes the Department of Pollution Control to institute forthwith and without prior administrative proceeding a civil action to recover damages caused by an unlawful and negligent discharge of contaminants into the waters of the State. Section 403.141, Florida Statutes, F.S.A., provides in material part as follows:
“(1) Whoever causes an unlawful discharge of contaminants into the air or waters of this state which results in damage to the animal or plant life of the state, or other damage to said air or waters is liable to the state for such damages and the reasonable costs and expenses of the state incurred in tracing the source of the discharge and in restoring the air or waters to their former condition.
“(2) Upon the request of any state agency or the alleged violator, the department may consider and assess these damages. If the amount so assessed is not paid within a reasonable time as prescribed by the department, the department may institute civil action in the appropriate court for a judicial determination of liability and damages.
“(3) Nothing herein shall give the department the right to bring an action on behalf of any private person. Nothing herein shall prohibit the department from proceeding forthwith to obtain a judicial determination of the liability and damages.”
The lower court held that even when proceeding under Section 403.141, Florida Statutes, F.S.A., the Department of Pollution Control must first conduct an administrative hearing pursuant to Section 403.121. Based on this court’s decision in St. Regis Paper Company v. State, 237 So.2d 797 (Fla.App.1970), as modified in State v. St. Regis Paper Company, Fla., 257 So.2d 253 (1971), the lower court found that the language of Section 403.141(3), Florida Statutes, F.S.A., established the right to proceed with a court action without electing to assess damages under Section 403.-141(2), Florida Statutes, F.S.A., only at the conclusion of an administrative hearing. It does not appear to us that the previous decisions require such interpretation.
This court’s decision in St. Regis Paper Company v. State, supra, was rendered on August 18, 1970, and dealt with requirements set forth in Sections 403.121, 403.-131, and 403.161. In that case, we held that the Department could not elect to move directly against a violator in court under Section 403.161 and thereby circum *23 vent the procedural requirements of Section 403.121. On petition for rehearing in State v. St. Regis Paper Company, supra, the Supreme Court filed an opinion on June 28, 1971, which stated:
“We expressly do not decide whether the Act requires an administrative determination of damages and costs before the Department may proceed in court; or whether the administrative and judicial procedures created by Fla.Stat. § 403.141(2) and (3), F.S.A., are to be construed as giving rise to alternative remedies.”
It is clear then that the previous decisions did not deal with Section 403.141, Florida Statutes, F.S.A. It is the opinion of this Court, however, that Section 403.-141 does provide additional liability and grants to the Department the power to “institute civil action in the appropriate court” notwithstanding any procedural requirements of Section 403.121, Florida Statutes, F.S.A. Subsection (3) of Section 403.141, Florida Statutes, F.S.A., which provides that “nothing herein shall prohibit the Department from proceeding forthwith to obtain judicial determination of the liability and damages” modifies subsection (2) of Section 403.141, Florida Statutes, F.S.A., so that the Department may, but need not, assess damage before proceeding to court for judicial determination.
In our earlier decision, we dealt with Section 403.161, and failed to find in that section a specific grant to the Department to institute an independent judicial action without complying with Section 403.121. However, the specific grant to institute judicial action found lacking under Section 403.161 by the earlier decisions can be found in Section 403.141, Florida Statutes, F.S.A. In the instant case, therefore, the clear language of Section 403.141 provides an alternative to Section 403.121 and allows the Department to elect between the administrative procedures of Section 403.-121, Florida Statutes, F.S.A., and a primary judicial determination under Section 403.141, Florida Statutes, F.S.A.
Accordingly, the judgment reviewed herein is reversed.
CARROLL, DONALD K., J., concurs.
RAWLS, J., dissents.