RAWLS, Judge
(dissenting).
The instant squabble between appellant and appellee has spawned at least two law suits. In the first, appellant filed a complaint in March of 1969 alleging that ap-pellee had indulged in various acts of polluting the St. Johns River. The first complaint was instigated pursuant to Florida Statute 403.161, F.S.A. and without appellant resorting to administrative remedies. The trial court held that the complaint stated a cause of action and this court reversed the trial judge’s decision in St. Regis Paper Co. v. State of Florida, 237 So.2d 797 (1 Fla.App. 1970). The Supreme Court entertained certiorari and rendered its opinion reported at 257 So.2d 253 (Fla.1971), holding that appellant could not, pursuant to Florida Statute 403.161, F.S.A., commence a judicial action against appellee without first exhausting administrative remedies.
In light of the Supreme Court opinion, the State decided some two years later to circumvent the requirement of exhausting administrative remedies by commencing this judicial proceeding under Florida Statute 403.141(2) and (3), F.S.A. Pursuant to the previous dictates of the appellate system, the trial judge dismissed the complaint and now the majority of this court is directing him to do what he did at the outset of this squabble. The trial judge is being subjected to a schizophrenic experience. My sympathy is with him. I dissent.