302 So.2d 129 (1974)
NORTH FLORIDA WATER COMPANY, a Florida Corporation, Petitioner,
v.
William H. BEVIS et al., Respondents.
No. 45187.
Supreme Court of Florida.
October 16, 1974.
B. Kenneth Gatlin, Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for petitioner.
Raymond E. Vesterby, Tallahassee, for respondents.
OVERTON, Justice.
By petition for writ of certiorari, we are asked to review Order No. 5853 of the Florida Public Service Commission denying a rate increase to North Florida Water Company.[1]
Petitioner, North Florida Water Company, a wholly-owned subsidiary of Florida Cities Water Company, filed an application for a water rate increase in Jackson County, Florida. The company has been operating at a financial loss for several years. The respondent-Commission, through its examiner, held a public hearing in Marianna, Florida, on October 16, 1972. Contrary to the examiner's recommendation that petitioner be granted the requested utility rate increase, the Commission denied the increase on the ground that petitioner's water system was inefficient. More specifically, the Commission found that the system contained leaks, that 34.4% of the water pumped was unaccounted for, and that a significant number of meters were stalled and not recording. The Commission also found that Florida Cities Water Company had acquired North Florida Water Company with full knowledge of these and other system defects and that North Florida Water Company's customers should not be required to bear the cost of correcting these defects.
We agree with the respondent-Commission that the public should not be *130 compelled to pay increased rates because of an inefficient system. Sections 367.081(2) and 367.111(2), Florida Statutes, authorize the Commission to consider the efficiency of the system in determining the propriety of a rate increase. While Section 366.041, Florida Statutes, provides that no public utility shall be denied a reasonable rate of return, it in no manner compels the Commission to grant a rate increase where the applicant's existing service is shown to be inefficient. See United Telephone Company of Florida v. Mayo, 215 So.2d 609 (Fla. 1968).
Our holding in Askew v. Bevis, 283 So.2d 337 (Fla. 1973), decided subsequent to the United Telephone Company case, is not controlling. In Askew v. Bevis, supra, we upheld a Commission order granting the utility a rate increase under bond pending improvement of the applicant utility's service defects. Those circumstances are not present in the case at bar.[2] To hold that Askew v. Bevis, supra, inflexibly mandates a "fair return" increase no matter how extensive the applicant utility's service defects, would be improper and contrary to statutory guidelines.
The fixing of public utility rates necessarily involves a balancing of the public's interest in withholding rate relief because of inadequate service and the utility's interest in obtaining rate increases to finance its necessary service improvement program. The Commission in the instant case found the former interest to be predominant. From our examination of the record, we find the Commission order to be supported by competent substantial evidence.
The petition for writ of certiorari is denied.
ADKINS, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Fla. Const., Art. V, § 3(b) (3).
[2] For a full discussion of Commission Order No. 5618, the order reviewed in Askew v. Bevis, see Re Florida Telephone Company, 98 PUR.3d 70 (1972).